1  BRADLEY J. MULLINS (SBN 274219)
     bym@msk.com
2  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
3  Los Angeles, CA 90067
   Telephone: (310) 312-2000
4  Facsimile: (310) 312-3100

5  Attorneys for Defendant SMG Media, Inc.
   Memo of law
6

7

8              UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

11  CREATIVE PHOTOGRAPHERS          CASE NO. 2:18-cv-10328-ODW-E
    INC.,
12                                  Honorable Otis D. Wright II
            Plaintiff,
13                                  **NOTICE OF MOTION AND
       v.                           MOTION OF SMG MEDIA INC.
14                                  TO DISMISS, OR IN THE
                                    ALTERNATIVE, TO TRANSFER
    SPINMEDIA GROUP, INC., and      VENUE; MEMORANDUM OF
15  DOES 1-10,                      LAW IN SUPPORT THEREOF**

16          Defendants.            Date:       July 15, 2019
                                   Time:       1:30 p.m.
17                                 Courtroom:  5D

18                                 Filed:      December 13, 2018
19                                 Trial:      N/A

20

21

22

23

24

25

26

27

Mitchell
Silberberg &
Knupp LLP
28

11144513.1

**MOTION OF SMG MEDIA INC. TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on July 15, 2019 in the courtroom of the Honorable Otis D. Wright II of the United States District Court for the Central District of California, 350 West 1st Street, Courtroom 5D, Los Angeles, California, at 1:30 p.m., or as soon thereafter as the matter may be heard, Defendant SMG Media, Inc., identified as Doe 2, ECF No. 18 ("SMG"), shall and hereby does move this Court pursuant to Federal Rules of Civil Procedure 12(b)(2) & 12(b)(3) and 28 U.S.C. § 1404 for an order dismissing Plaintiff's Complaint or alternatively, transferring the case to the Southern District of New York.

This Motion is made on the following grounds:

1.      This Court lacks personal jurisdiction over SMG.

2.      This District is not a proper venue.

3.      In the alternative, the Court should transfer this action to the Southern District of New York for the convenience of parties and witnesses, and in the interest of justice.

This Motion is and will be based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration Abhishek Rampuria and exhibits thereto, the pleadings and orders in the Court's files for this case, any reply that is filed in support of this Motion, any argument presented at the hearing on this Motion, and any other matters the Court deems proper.

/ / /

/ / /

/ / /

/ / /

/ / /

Mitchell
Silberberg &
Knupp LLP

**MOTION OF SMG MEDIA INC. TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

1       This Motion is made following attempts to meet and confer with counsel

2 pursuant to Local Rule 7-3 on April 11, 15, 18, and June 11, 2019.[1]

3

4 DATED: June 14, 2019             MITCHELL SILBERBERG & KNUPP LLP

5

6                                   By: */s/ Bradley J. Mullins*

7                                    Bradley J. Mullins
                                   Attorneys for Defendant

8                                    SMG Media, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1] Counsel for SMG has raised the issues addressed in this motion by phone and via email to Plaintiff's counsel on numerous occasions, starting at the end of March 2019. On June 11, 2019, counsel for SMG made one further attempt to meet and confer over the jurisdictional issues prior to filing this motion. Plaintiff's counsel has not responded.

Mitchell
Silberberg &
Knupp LLP

**MOTION OF SMG MEDIA INC. TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

# **TABLE OF CONTENTS**

I.      INTRODUCTION ..................................................................................................1

II.     FACTUAL BACKGROUND ........................................................................2

III.    THE COURT DOES NOT HAVE JURISDICTION OVER SMG................4

        A.      Legal Standard ..............................................................................4

        B.      The Court Does Not Have General Jurisdiction Over SMG ...............4

        C.      The Court Does Not Have Specific Jurisdiction Over SMG...............6

                1.      SMG Did Not Purposefully Direct Its Activities to
                        California ...............................................................................6

                2.      Plaintiff's Claim Does Not Arise out of or Relate to SMG's
                        Forum-Related Activities.........................................................10

                3.      Exercise of Personal Jurisdiction Over SMG is Not
                        Reasonable ..............................................................................11

IV.     THIS DISTRICT IS NOT THE PROPER VENUE....................................12

V.      IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER THIS
        CASE TO THE SOUTHERN DISTRICT OF NEW YORK ......................13

VI.     CONCLUSION .........................................................................................16

Mitchell
Silberberg &
Knupp LLP

11144513.1

**MOTION OF SMG MEDIA INC. TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

1

# <u>TABLE OF AUTHORITIES</u>

2

## CASES

3

*A'lor Int'l, Ltd. v. Tappers Fine Jewelry, Inc.*,

4

　　2012 WL 12921013 (C.D. Cal. Aug. 6, 2012) ...................................................5

5

*Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*,

6

　　94 F.3d 586 (9th Cir. 1996) ...................................................4

7

*Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.*,

8

　　1 F.3d 848 (9th Cir. 1993) ...................................................5

9

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,

　　874 F.3d 1064 (9th Cir. 2017) ...................................................6, 7

10

*Bauman v. DaimlerChrysler Corp.*,

11

　　644 F.3d 909 (9th Cir. 2011), *rev'd on other grounds sub nom.*

12

　　*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ...................................................5

13

*Bristol-Myers Squibb Co. v. Superior Ct. of California*,

14

　　137 S. Ct. 1773 (2017)...................................................8

15

*Columbia Pics. Television v. Krypton Broad. of Birmingham, Inc.*,

　　106 F.3d 284 (9th Cir. 1997), *rev'd on other grounds sub nom.*,

16

　　*Feltner v. Columbia Pics. Television, Inc.*, 523 U.S. 340 (1998) ...................................................13

17

*Core-Vent Corp. v. Nobel Indus. AB*,

18

　　11 F.3d 1482 (9th Cir. 1993) ...................................................12

19

*Creative Compounds, LLC v. S.A.N. Nutrition Corp.*,

20

　　2012 WL 13012706 (C.D. Cal. Mar. 30, 2012) ...................................................15

21

*Creative Photographers, Inc. v. Latino Review, LLC*,

22

　　No. 1:18-cv-06963-ER (filed Aug. 2, 2018) ...................................................14

23

*Creative Photographers, Inc. v. OneQube*,

24

　　No. 1:19-cv-04128-VSB (filed May 8, 2019) ...................................................14

25

*Creative Photographers, Inc. v. Univision Comm'ns, Inc.*,

　　No. 1:19-cv-01872-PAE (filed Feb. 27, 2019)...................................................14

26

*Decker Coal Co. v. Commonwealth Edison Co.*,

27

　　805 F.2d 834 (9th Cir. 1986) ...................................................14

28

Mitchell
Silberberg &
Knupp LLP

11144513.1

ii

# TABLE OF AUTHORITIES

### (*continued*)

**Page(s)**

*DFSB Kollective Co. Ltd. v. Bourne*,
    897 F. Supp. 2d 871 (N.D. Cal. 2012) ......................................................... 8, 9, 10

*Doe v. Am. Nat'l Red Cross*,
    112 F.3d 1048 (9th Cir. 1997) ............................................................................... 6

*Doe v. Geller*,
    533 F. Supp. 2d 996 (N.D. Cal. 2008) ............................................................ 8, 12

*Dole Food Co., Inc. v. Watts*,
    303 F.3d 1104 (9th Cir. 2002) .............................................................................. 12

*Goldberg v. Cameron*,
    482 F. Supp. 2d 1136 (N.D. Cal. 2007) ................................................................. 6

*Goodyear Dunlop Tires Ops., S.A. v. Brown*,
    131 S. Ct. 2846 (2011) ........................................................................................... 4

*Green v. Brightestyoungthings.com*,
    2014 WL 12569350 (C.D. Cal. Sept. 24, 2014) ............................... 4, 5, 7, 9, 10

*JibJab Media, Inc. v. White Castle Mgmt.*,
    2013 WL 12123696 (C.D. Cal. May 14, 2013) ................................................... 10

*Jones v. GNC Franchising, Inc.*,
    211 F.3d 495 (9th Cir. 2000) ............................................................................... 14

*Lauter v. Rosenblatt*,
    2017 WL 6205784 (C.D. Cal. Dec. 6, 2017) ......................................................... 8

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
    647 F.3d 1218 (9th Cir. 2011) ............................................................................... 7

*Michael Grecco Prods., Inc. v. NetEase Info. Tech. Corp.*,
    2018 WL 6443082 (C.D. Cal. Sept. 24, 2018) .............................................. 12, 13

*Minden Pictures, Inc. v. John Wiley & Sons, Inc.*,
    795 F.3d 997 (9th Cir. 2015) ............................................................................... 15

*Panavision Int'l v. Toeppen*,
    141 F.3d 1316 (9th Cir. 1998) ............................................................................. 10

**MOTION OF SMG MEDIA INC. TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

# TABLE OF AUTHORITIES

### (*continued*)

**Page(s)**

*Premier Fabrics, Inc. v. Walters and Mason Retail, Inc.*,
  2018 WL 6164766 (C.D. Cal. Aug. 1, 2018) ....................................................5, 11

*Reitman v. Champion Petfoods USA, Inc.*,
  2018 WL 4945645 (C.D. Cal. Oct. 10, 2018) ......................................................8

*Rosen v. Terapeak, Inc.*,
  2015 WL 12724071 (C.D. Cal. Aug. 28, 2015) .........................................7, 9, 10

*Rosen v. Wood*,
  2016 WL 7446924 (C.D. Cal. May 25, 2016).............................................4, 7, 9

*Roth v. Garcia Marquez*,
  942 F. 2d 617 (9th Cir. 1991) ..........................................................................12

*Rumble, Inc. v. Daily Mail and Gen. Trust PLC*,
  2018 WL 5099708 (C.D. Cal. Jan 9, 2018).........................................................14

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) .............................................................................7

*Smith v. Barnesandnoble.com, LLC*,
  143 F. Supp. 3d 115 (S.D.N.Y. 2015) ................................................................9

*Speculative Product Design, Inc. v. Mehram Fardis*,
  2011 WL 13220094 (C.D. Cal. May 13, 2011)....................................................15

*Urban Textile, Inc. v. A & E Stores, Inc.*,
  2014 WL 3955173 (C.D. Cal. Aug. 11, 2014) ......................................................4

*VHT, Inc. v. Zillow Grp., Inc.*,
  918 F.3d 723 (9th Cir. 2019) ..............................................................................9

*Young v. Daimler AG*,
  175 Cal. Rptr. 3d 811 (Ca. Ct. App. 2014).........................................................5

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*,
  952 F. Supp. 1119 (W.D. Penn. 1997) .................................................................9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mitchell
Silberberg &
Knupp LLP

11144513.1

**MOTION OF SMG MEDIA INC. TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

# TABLE OF AUTHORITIES

### (*continued*)

**Page(s)**

### STATUTES

17 U.S.C.
  § 501(b).................................................................................................1, 15
  § 507(b)......................................................................................................2

28 U.S.C.
  § 1400(a)..................................................................................................13
  § 1404 ......................................................................................................15
  § 1404(a)..............................................................................................1, 13

Fed. R. Civ. P.
  12(b)(2).......................................................................................................4
  12(b)(2).......................................................................................................1
  12(b)(3)................................................................................................1, 12
  12(c) .........................................................................................................15
  56 .............................................................................................................15

### OTHER AUTHORITIES

http://www.celebuzz.com ........................................................................2

http://www.idolator.com ..........................................................................2

http://www.thesuperficial.com ................................................................2

Mitchell
Silberberg &
Knupp LLP

11144513.1

**MOTION OF SMG MEDIA INC. TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) and 28 U.S.C. § 1404(a), Defendant SMG Media, Inc. (identified as "Doe 2" in the Complaint, *see* ECF No. 18), by and through its attorneys, respectfully submits this memorandum of law in support of its motion to dismiss Plaintiff Creative Photographers Inc.'s ("Plaintiff" or "CPI") Complaint dated December 13, 2018 (the "Complaint") or alternatively, to transfer this case to the Southern District of New York.

## I.      INTRODUCTION

This case exists in this District solely due to forum shopping and should be dismissed or transferred.[2]  The case concerns the alleged infringement of photographs on several websites, and is brought by a photograph administration agency incorporated and based in New York, New York, suing a defendant who has primarily existed in New York, New York, on behalf of photographers who reside in New York, New York.  Defendant SpinMedia Group, Inc. (which no longer exists by that name, so was never served) sold all of the websites at issue in 2016; changed its name to SMG Media, Inc. ("SMG"); had its headquarters in Boston, Massachusetts; and had office space in New York, New York.  SMG is currently operated out of Boston, Massachusetts, and no longer has an office in New York.  That SMG has not had an office in California or operated any of the relevant websites for years is not a secret; rather it is public information that should have been discovered through even a cursory Internet search by Plaintiff prior to filing this action.  But if that is not enough, counsel for SMG informed Plaintiff's counsel that SMG currently operates no websites and has had no California presence for years, but that SMG is willing to defend allegations against websites it

---

[2] As discussed *infra,* Plaintiff is under the impression that Ninth Circuit law is more favorable to those in the business of administering and suing over copyrights owned by others.  SMG contends that Plaintiff lacks standing to sue, as it is not, and has never been, the legal or beneficial owner of any exclusive right under the Copyright Act.  *See* 17 U.S.C. § 501(b).

**MOTION OF SMG MEDIA INC. TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

1  used to own; and stated repeatedly that if the case is not resolved, then the action

2  should be in New York, where Plaintiff is present; where the actual, apparent,

3  copyright owners are present; and where SMG recently maintained an operational

4  presence.

5        SMG will litigate this case in the Southern District of New York if

6  necessary, and maintains that it is the most appropriate forum for this lawsuit.

7  Plaintiff has entirely refused to address SMG's contentions and has become

8  unresponsive.  Accordingly, SMG brings this motion to dismiss, based on lack of

9  personal jurisdiction and improper venue, or alternatively, change of venue, on the

10 basis that the Southern District of New York is the more appropriate forum for this

11 case.

12 **II.     FACTUAL BACKGROUND**

13       Plaintiff is apparently in the business of administering copyrighted images

14 owned by others.  Compl. ¶ 4.  Plaintiff alleges that it represents two photographer

15 copyright owners, Vijat Mohindra, and Nigel Parry, whose photographs Plaintiff

16 alleges were infringed.  *See id.* ¶¶ 8-21.  There are ten photographs at issue in this

17 action, which are reprinted in the Complaint.  *Id.* ¶¶ 9, 13, 18 (the "Photographs").

18 As alleged in the Complaint, the Photographs were published and displayed

19 without authorization, including on the following websites:

20 http://www.celebuzz.com, http://www.thesuperficial.com, and

21 http://www.idolator.com (the "Websites").  *Id.* ¶¶ 11, 15, 20.  Eight of the

22 photographs appear to have been posted to websites in 2012.  *Id.* ¶ 12.  One

23 appears to have been posted in November of 2014.  *Id.* ¶ 16.  The last one appears

24 to have been posted in 2016.  *Id.* ¶ 20.[3]  As further alleged in the Complaint, the

25 owner of the Websites is supposedly SpinMedia Group, Inc.  *Id.* ¶ 5.  But this is

26

27 [3] Though Plaintiff chose not to allege when the purported infringement occurred, it
   can be gathered or inferred by viewing screenshots of the alleged infringement in
   the Complaint, either in the web page itself or in the URL.  The Copyright Act's
28 statute of limitations is three years.  17 U.S.C. § 507(b).

Mitchell
Silberberg &
Knupp LLP

11144513.1

**MOTION OF SMG MEDIA INC. TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE S**

incorrect.  SpinMedia Group, Inc. sold the Websites and ceased to exist by that name in 2016.  Declaration of Abhishek Rampuria ("Rampuria Decl.") ¶¶ 6-7.  After selling the Websites, SpinMedia Group, Inc. changed its name to SMG Media, Inc. in December of 2016.  *Id.* ¶ 7.

The Websites were first acquired by SpinMedia Group Inc. on January 31, 2014 from a separate entity, SpinMedia f/k/a BuzzMedia through an assignment for the benefit of creditors ("ABC").  Rampuria Decl. ¶ 3.  Under the terms of the ABC, SpinMedia f/k/a BuzzMedia dissolved, and liabilities arising out of or related to pending or potential third party claims were extinguished.  *Id.* ¶ 4.  SpinMedia Group, Inc. moved its operations entirely to New York by 2016.  *Id.* ¶ 5.  From then on, through the sale of the Websites and the change to SMG Media, Inc., SMG was operated from Boston and New York. *Id.* ¶¶ 5-8.  Recently, SMG closed its New York office, and it is now run entirely out of Boston.  *Id.* ¶ 8.

From when the case was filed, to the middle of February, Plaintiff did nothing.  It never attempted to serve SpinMedia Group, Inc.  On February 20, 2019, Plaintiff erroneously added SpinMedia LLC as Doe 1, *see* ECF Nos. 10-11, and served that entity through an agent.[4]

On March 28, 2019, counsel for SMG, having learned of the lawsuit, reached out to Plaintiff's counsel, informing Plaintiff's counsel that SpinMedia, LLC never owned the Websites, and that SpinMedia Group, Inc. no longer existed by that name.  Counsel for SMG further informed Plaintiff's counsel that if the case could not be amicably resolved, then it should be either dismissed and refiled in New York or transferred to New York because SMG had no California presence.  During the course of settlement discussions, counsel for SMG continued

---

[4] A SpinMedia, LLC affiliate entity purchased certain properties associated with SpinMedia Group, Inc. in 2016, but did not purchase, nor did it ever own, the Websites.

Mitchell Silberberg & Knupp LLP

11144513.1

3

MOTION OF SMG MEDIA INC. TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE S

1  to emphasize that if this case proceeds, it should be in New York.  Plaintiff's
2  counsel stayed silent on this issue.

3      When it was apparent the parties would likely not reach a settlement,
4  Plaintiff voluntarily dismissed SpinMedia, LLC from this action, ECF No. 17,
5  (weeks after being informed that SpinMedia, LLC was the wrong party), and added
6  SMG as Doe 2.  ECF Nos. 16, 18.  Counsel for SMG accepted service on its behalf
7  on May 24, 2019.

8  **III.   THE COURT DOES NOT HAVE JURISDICTION OVER SMG**

9      **A.   <u>Legal Standard</u>**

10     When a defendant challenges jurisdiction by filing a motion to dismiss under
11 Fed. R. Civ. P. 12(b)(2), the plaintiff "bears the burden of demonstrating that the
12 court has jurisdiction." *Rosen v. Wood*, 2016 WL 7446924, at *2 (C.D. Cal. May
13 25, 2016).  The court may consider evidence outside of the pleadings, including
14 affidavits submitted by the parties.  *Id.*  Where there is no evidentiary hearing, the
15 plaintiff must make a "prima facie showing of jurisdictional facts to withstand the
16 motion to dismiss."  *Urban Textile, Inc. v. A & E Stores, Inc.*, 2014 WL 3955173,
17 at *1 (C.D. Cal. Aug. 11, 2014).  In determining whether plaintiff has met this
18 burden, only uncontroverted allegations must be taken as true, and conflicts in the
19 parties' affidavits must be resolved in the non-movant's favor for purposes of
20 deciding whether a prima facie case for personal jurisdiction exists.  *Am. Tel. &
21 Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

22     **B.   <u>The Court Does Not Have General Jurisdiction Over SMG</u>**

23     A court may assert general jurisdiction over foreign corporations only "when
24 their affiliations with the State are so 'continuous and systematic' as to render them
25 . . . at home in the forums state."  *Green v. Brightestyoungthings.com*, 2014 WL
26 12569350, at *2 (C.D. Cal. Sept. 24, 2014) (citing *Goodyear Dunlop Tires Ops.,
27 S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)).  "[T]he paradigmatic locations where
28 general jurisdiction is appropriate . . . are [the corporation]'s place of incorporation

Mitchell
Silberberg &
Knupp LLP

11144513.1

**MOTION OF SMG MEDIA INC. TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE S**

and its principal place of business." *Premier Fabrics, Inc. v. Walters and Mason Retail, Inc.*, 2018 WL 6164766, at *4 (C.D. Cal. Aug. 1, 2018). "Only in an 'exceptional case' will general jurisdiction be available [elsewhere]." *Id.*; *see also Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.*, 1 F.3d 848, 851 n.3 (9th Cir. 1993) (noting that the Supreme Court has upheld general jurisdiction over a non-resident defendant "only once").

Here, Plaintiff does not allege anything about SMG, let alone a basis for general jurisdiction. Nor could it allege general jurisdiction. SMG is not incorporated in California. It does not have its principal place of business in California. In fact, it does not do *any* business in California. Courts have regularly declined to exercise jurisdiction under such circumstances, and even in circumstances where a defendant had greater connections to California than the case at bar. *See, e.g., Green*, 2014 WL 12569350, at *3-4 (finding no general jurisdiction where defendant had no offices or staff in California, was not registered to do business in California, and did not pay taxes in California); *A'lor Int'l, Ltd. v. Tappers Fine Jewelry, Inc.*, 2012 WL 12921013, at *3 (C.D. Cal. Aug. 6, 2012) (holding that maintenance of a website that allowed them to ship products to California residents, market to California residents, and maintain relationships with California vendors did not sufficiently confer general jurisdiction over non-resident defendants).

Even if Plaintiff could plausibly argue that SMG previously engaged in business in California, based on the existence of an office that closed several years ago, before SMG sold all its websites, it is irrelevant for purposes of the general jurisdiction analysis, because general jurisdiction "is determined no earlier than at the time a suit is filed." *Young v. Daimler AG*, 175 Cal. Rptr. 3d 811, 817 n. 6 (Ca. Ct. App. 2014); *Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909, 913 n. 7 (9th Cir. 2011), *rev'd on other grounds sub nom. Daimler AG v. Bauman*, 571 U.S. 117

(2014).  It cannot be disputed that as of December 13, 2018, SMG had long discontinued having any presence in California.

Accordingly, the Court does not have general jurisdiction over SMG.

## C.   The Court Does Not Have Specific Jurisdiction Over SMG

Because the Court lacks general jurisdiction, Plaintiff must show that the Court more narrowly has specific jurisdiction over SMG, such that SMG's specific contacts with the forum give rise to the claims in question.  *See Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997).  The Ninth Circuit applies a three-part test to determine whether a court has specific jurisdiction: (1) the non-resident defendant must "*purposefully direct* his activities" or consummate some transaction with the forum thereof; or perform some act by which he "*purposefully avail[s]* himself of the privileges of conducting activities in the forum", thereby invoking the benefits and protection of its laws; (2) "the [plaintiff's] claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068-69 (9th Cir. 2017) (emphasis added).  "The plaintiff bears the burden of satisfying the first two prongs of the test.  If the plaintiff meets that burden, 'the burden then shifts to the defendant to present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (internal citation omitted).  Here, Plaintiff cannot meet any of the prongs.

### 1.   SMG Did Not Purposefully Direct Its Activities to California

With respect to the first prong, where the case sounds in tort, as it does here,[5] the court employs the "purposeful direction" test, which requires a showing that

---

[5] "A claim for copyright infringement sounds in tort, and therefore a purposeful direction analysis is appropriate."  *Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1144 (N.D. Cal. 2007).

**MOTION OF SMG MEDIA INC. TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE S**

Mitchell
Silberberg &
Knupp LLP

11144513.1

the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods*, 874 F.3d at 1069. Intent refers to "intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 806 (9th Cir. 2004).

For the act to be "expressly aimed at the forum state," something "more[] than mere foreseeability is required in order to justify the assertion of personal jurisdiction." *Rosen v. Terapeak, Inc.*, 2015 WL 12724071, at *4 (C.D. Cal. Aug. 28, 2015). Where jurisdiction arises out of operation of a website, "[i]t is beyond dispute that maintenance of a passive website alone cannot satisfy the express aiming prong." *Id.* (citing *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011)). Even "the mere maintenance of an interactive website, without consummated commercial activity, is not sufficient to establish specific jurisdiction." *Terapeak*, 2015 WL 12724071, at *4. Rather, courts will take into account "the interactivity of the []website," along with "'the geographic scope of the defendant's commercial ambitions,' and 'whether the defendant individually targeted a plaintiff known to be a forum resident" in analyzing whether the defendant expressly aimed their activity at the forum state. *See Wood*, 2016 WL 7446924, at *3.

In determining whether the harm is something the defendant "knows is likely to be suffered in the forum state," the plaintiff must do more than show that people in California could access the website. *See Green*, 2014 WL 12569350, at *6 ("That people in California may access the website does not show that economic harm to Plaintiff in this venue was foreseeable."). Courts often find that this factor is not met where the plaintiff is not himself or herself a resident of California. *See, e.g. id.* (finding that UK plaintiff failed to show that defendant knew harm would likely be suffered in California, even if it were determined that

1    defendant received a substantial number of website "hits" from residents of

2    California); *DFSB Kollective Co. Ltd. v. Bourne*, 897 F. Supp. 2d 871, 884-85

3    (N.D. Cal. 2012) (rejecting a Korean plaintiff's argument that defendant could

4    foresee harm being suffered in California because "California is one of the largest

5    markets for Korean music"); *Doe v. Geller*, 533 F. Supp. 2d 996, 1005-06 (N.D.

6    Cal. 2008) (dismissing complaint premised on DMCA violation brought by

7    Pennsylvania plaintiff against British defendants because plaintiff's claimed

8    injuries "are more likely to be suffered in Pennsylvania," and noting, "[p]laintiffs

9    rarely claim an injury in a state other than their home state"); *c.f. Bristol-Myers*

10   *Squibb Co. v. Superior Ct. of California*, 137 S. Ct. 1773, 1781-82 (2017)

11   (overturning California Supreme Court's finding of jurisdiction over non-resident

12   plaintiffs where there was no adequate link between California and the

13   nonresidents' claims); *Reitman v. Champion Petfoods USA, Inc.*, 2018 WL

14   4945645, at *5 (C.D. Cal. Oct. 10, 2018) (finding that jurisdiction did not exist

15   over non-resident plaintiffs' claims where none of the plaintiffs alleged any facts

16   relating to this District).

17       In this case, Plaintiff cannot make a showing as to any of the factors of the

18   purposeful direction test. *First*, assuming *arguendo* that the ten photographs at

19   issue were infringed on the Websites, SMG did not engage in any copyright

20   infringement for at least eight of them. Eight of the alleged photographs were

21   posted on the Websites prior to the assignment for benefit of creditors in 2014, and

22   SMG did not assume liability. Rampuria Decl. ¶ 4.[6] Even if those eight

23   photographs were displayed on the Website under SMG's ownership, SMG's

24

25   [6] *See Lauter v. Rosenblatt*, 2017 WL 6205784, at *2 (C.D. Cal. Dec. 6, 2017)
      (explaining that a "successor company has liability for a predecessor's actions"

26   only if "(1) the successor expressly or impliedly agrees to assume the subject
      liabilities; (2) the transaction amounts to a consolidation or merger of the successor

27   and predecessor; (3) the successor is a mere continuation of the predecessor; or (4)
      the transfer of assets to the successor is for a fraudulent purpose of escaping

28   liability").

conduct was, **at most**, passive participation in the alleged infringement -- SMG engaged in no volitional conduct.[7]  *See VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 738 (9th Cir. 2019) (finding that defendant's conduct did not amount to infringement where it did not select the infringing images); S*mith v. Barnesandnoble.com, LLC*, 143 F. Supp. 3d 115, 122-24 (S.D.N.Y. 2015) (explaining that defendant did not have a "fundamental and deliberate role" in copyright infringement where it hosted infringing content for a short period of time, but did not select infringing content).  While the remaining two photographs at issue were allegedly posted to the Websites when they were under SMG's ownership (under the old name SpinMedia Group, Inc.), one of the photographs was allegedly posted after SMG had already shifted its operations entirely outside California.

  *Second*, the Websites are all entirely passive.  They do "little more than make information available to those who are interested in it."  *See Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Penn. 1997).  This is not grounds for personal jurisdiction.  *Id.*; *Green*, 2014 WL 12569350, at *5; *Terapeak*, 2015 WL 12724071, at *8.  More importantly, Plaintiff does not, and cannot, allege that SMG engaged in any efforts to target California or attempted to exploit the California market.  Rather, SMG did the exact opposite.  It moved out of California, and sold all the Websites.  Accordingly, the Complaint is devoid of any allegation connecting SMG to California.  *See, e.g., Wood*, 2016 WL 7446924, at *4 ("Here . . . there is no convincing evidence that [defendant] specifically targeted California."); *DFSB Kollective*, 897 F. Supp. 2d at 881 ("Plaintiffs do not identify anything on the Websites that is directed to California or even references California.").

---

[7] As discussed *supra*, almost all of the images were allegedly infringed before SMG, which used to operate under the name SpinMedia Group, Inc., took over the websites after an assignment for benefit of creditors.

*Third*, there is no indication that SMG knew that the harm stemming from the alleged infringement was likely to be suffered in the forum state.  Plaintiff essentially admits as much, conceding that not only is it not based in California, but *none of the photographers that took the photographs at issue are based in California.*  Rather, every possible interested party that might have suffered harm resides in New York.  *See* Compl. ¶¶ 4, 8, 17.  Coupled with the complete lack of showing that SMG has *knowingly* targeted a California audience, Plaintiff's overwhelming New York presence suggests that any harm would have foreseeably been suffered in New York, not California.  *See DFSB Kollective Co. Ltd.*, 897 F. Supp. 2d at 874 (rejecting argument that harm could foreseeably be suffered in California because California "is one of the largest markets for Korean music" and foreign defendant illegally shared plaintiff's Korean pop music online, where there was no evidence that defendant individually targeted California residents); *Green*, 2014 WL 12569350, at *6 ("Here, the infringement took place on a website, and Plaintiff lives in the United Kingdom.  That people in California may access the website does not show that economic harm to Plaintiff in this venue is foreseeable.").

Accordingly, Plaintiff cannot show that SMG purposefully directs its activities towards California.

## 2. Plaintiff's Claim Does Not Arise out of or Relate to SMG's Forum-Related Activities

To meet the second prong, Plaintiff must show that it is SMG's activity *directed at California* that gives rise to its claims.  *See Terapeak*, 2015 WL 12724071, at *4.  In other words, the plaintiff must show that it would not have been injured "but for" the defendant's conduct "directed toward plaintiff in California."  *JibJab Media, Inc. v. White Castle Mgmt.*, 2013 WL 12123696, at *8 (C.D. Cal. May 14, 2013) (citing *Panavision Int'l v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998)).

**MOTION OF SMG MEDIA INC. TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE S**

1    Assuming the truth of the allegations, Plaintiff has not made any showing

2  that "but for" SMG's conduct directed toward Plaintiff in California, Plaintiff

3  would not have been injured.  Nor can it.  As explained *supra*, Plaintiff cannot

4  point to any conduct directed toward California, and any conduct directed toward

5  Plaintiff would have been in New York, where Plaintiff and the photographers who

6  own the photograph copyrights at issue are based.

7    Plaintiff therefore cannot meet the second prong either.

8    **3.    Exercise of Personal Jurisdiction Over SMG is Not**

9    **Reasonable**

10    Should the Court need to reach the third prong, it should consider several

11  specific factors to determine whether the exercise of jurisdiction is reasonable,

12  including: "(1) the extent of the defendant's purposeful interjection into the forum

13  [state]; (2) the burden on the defendant in defending in the forum; (3) the extent of

14  the conflict with the sovereignty of the defendant's state; (4) the forum state's

15  interest in adjudicating the dispute; (5) the most efficient judicial resolution of the

16  [controversy]; (6) the importance of the forum to the plaintiff's interest in

17  convenient and effective relief; and (7) the existence of an alternative forum."

18  *Premier Fabrics, Inc. v. Walters and Mason Retail, Inc.*, 2018 WL 6164766, at *7

19  (C.D. Cal. Aug. 1, 2018).

20    Here, even if the Court were to determine that Plaintiff satisfied the first two

21  prongs (and it should not), a consideration of the aforementioned factors squarely

22  counsels against exercising jurisdiction over SMG.

23    The first, second, fourth, fifth, sixth, and seventh factors all heavily favor

24  dismissal.  As explained *supra*, SMG is not purposefully interjecting itself into

25  California.  It has done the opposite.  SMG moved out of California years ago, and

26  has not owned any of the Websites since 2016.  Its presence is now nonexistent.  It

27  would be highly burdensome for SMG to have to defend an action in California

28  after making the choice years ago to leave California.  What is more, *no interested*

*party is in California*.  California therefore has zero interest in adjudicating a low value dispute that has obvious ties to New York and no ties to California.  As New York has clear ties over California, it would provide for the most efficient judicial resolution of the controversy, and is thus a more than suitable alternative forum.[8] *See Geller*, 533 F. Supp. 2d at 1008-09 (determining that California had little interest in the case and that the Eastern District of Pennsylvania would provide for the most efficient resolution of a controversy between Pennsylvania plaintiff and foreign defendants); *see also Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1490 (9th Cir. 1993) ("The plaintiff bears the burden of proving the unavailability of an alternative forum.").  Even the sixth factor, the importance of the forum to the plaintiff's interest in convenient and effective relief, favors dismissal.[9]  But, should Plaintiff argue that California would be more convenient because its lawyers are in California[10] (and given Plaintiff's clear New York presence, such an argument would be irrational), the Ninth Circuit has held that "the plaintiff's convenience is not paramount to the importance" of the reasonableness inquiry. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1116 (9th Cir. 2002).

Accordingly, because Plaintiffs also fail the third prong, the Court does not have jurisdiction over SMG.

## IV.    THIS DISTRICT IS NOT THE PROPER VENUE

When the defendant challenges venue under Rule 12(b)(3), "it is []plaintiff's burden to show venue is proper."  *Michael Grecco Prods., Inc. v. NetEase Info. Tech. Corp.*, 2018 WL 6443082, at *2 (C.D. Cal. Sept. 24, 2018).  Venue in

---

[8] SMG's counsel has notified Plaintiff's counsel multiple times stretching back to March that New York would be the more appropriate forum to litigate this case. Plaintiff's counsel has refused to address the issue.

[9] "[N]o doctorate in astrophysics is required to deduce that trying a case where one lives is almost always a plaintiff's preference."  *Roth v. Garcia Marquez*, 942 F. 2d 617, 624 (9th Cir. 1991).

[10] Plaintiff's lawyers are notorious for filing myriad copyright infringement cases. It appears they have ninety cases pending at this time in California.

1   copyright claims is governed by 28 U.S.C. § 1400(a), which provides that a suit

2   "may be instituted in the district in which the defendant or his agent resides or may

3   be found."  The Ninth Circuit interprets this statutory provision to allow venue "in

4   any judicial district in which the defendant would be amenable to personal

5   jurisdiction if the district were a separate state."  *Columbia Pics. Television v.*

6   *Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997), *rev'd on*

7   *other grounds sub nom.*, *Feltner v. Columbia Pics. Television, Inc.*, 523 U.S. 340

8   (1998).

9       As explained *supra*, SMG is not amenable to jurisdiction in California.

10  Because SMG is not amenable to jurisdiction in California, the Central District of

11  California is not a proper venue for this action.  *See Michael Grecco*, 2018 WL

12  6443082, at \*5 (finding venue improper where plaintiff had not established that

13  defendant expressly aimed conduct the Central District of California).

14  **V.    IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER THIS**

15  **CASE TO THE SOUTHERN DISTRICT OF NEW YORK**

16      Should the Court determine that jurisdiction exists over SMG (and it should

17  not), the Court should still transfer the case to the Southern District of New York,

18  because it is by far the more appropriate venue for this action.

19      Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action

20  to any other district or division where it might have been brought or to any district

21  or division to which all parties have consented.  Besides the three statutory

22  enumerated factors, "the Ninth Circuit has explained that district courts may also

23  consider factors used in the forum non conveniens context: (1) the location where

24  the relevant agreements were negotiated and executed, (2) the state that is most

25  familiar with the governing law, (3) the plaintiff's choice of forum, (4) the

26  respective parties' contacts with the forum, (5) the contacts relating to the

27  plaintiff's cause of action in the chosen forum, (6) the differences in the costs of

28  litigation in the two forums, (7) the availability of compulsory process to compel

Mitchell
Silberberg &
Knupp LLP

11144513.1

**MOTION OF SMG MEDIA INC. TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE S**

1    attendance of unwilling non-party witnesses, and (8) the ease of access to sources

2    of proof, as well as (9) the relevant public policy of the forum state." *Rumble, Inc.*

3    *v. Daily Mail and Gen. Trust PLC*, 2018 WL 5099708, at *1 (C.D. Cal. Jan 9,

4    2018) (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir.

5    2000)).  The court may further consider "factors such as (10) relative court

6    congestion, (11) 'the local interest in having localized controversies decided at

7    home,' and (12) the 'unfairness of burdening citizens in an unrelated forum with

8    jury duty.'"  *Id.* (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d

9    834, 843 (9th Cir. 1986)).

10        Here, for all the reasons explained above with respect to jurisdiction, the

11   Southern District of New York is by far the more appropriate venue to litigate this

12   dispute.  Plaintiff is a New York corporation with its primary place of business in

13   the Southern District of New York.  Compl. ¶ 4.  Vijat Mohindra, one of the

14   photographers whose photographs were allegedly infringed, is an individual

15   residing in the Southern District of New York.  Compl. ¶ 8.  Nigel Parry, the other

16   photographer whose photograph was allegedly infringed, is an individual residing

17   in the Southern District of New York.  Compl. ¶ 17.  And SMG recently had a

18   physical presence in the Southern District of New York (although it has been based

19   in Boston).  Rampuria Decl. ¶ 8.  Moreover, Plaintiff obviously has no qualms

20   litigating photography matters in New York, as it is currently litigating or has

21   recently litigated several similar cases in the Southern District of New York.  *See,*

22   *e.g., Creative Photographers, Inc. v. Latino Review, LLC*, No. 1:18-cv-06963-ER

23   (filed Aug. 2, 2018); *Creative Photographers, Inc. v. Univision Comm'ns, Inc.*, No.

24   1:19-cv-01872-PAE (filed Feb. 27, 2019); *Creative Photographers, Inc. v.*

25   *OneQube*, No. 1:19-cv-04128-VSB (filed May 8, 2019).

26        Indeed, there is no legitimate reason why Plaintiff would not want to litigate

27   this case in New York, given Plaintiff and the photographer's overwhelming New

28

Mitchell
Silberberg &
Knupp LLP

11144513.1

14

York presence, and Plaintiff's knowledge that SMG consents to jurisdiction in New York.

There is only one reason Plaintiff has not voluntarily dismissed this case and refiled in the Southern District of New York: forum-shopping.  Recognizing it has a weak claim to statutory standing as a copyright owner under 17 U.S.C. § 501(b), it believes that the Ninth Circuit's law, under *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997 (9th Cir. 2015), is arguably more favorable to photograph administration agencies.[11]  Under such circumstances, the Court should give no deference to Plaintiff's choice of forum.  *See Speculative Product Design, Inc. v. Mehram Fardis*, 2011 WL 13220094, at *2 (C.D. Cal. May 13, 2011) ("[T]he degree to which courts defer to the plaintiff's chosen venue is substantially reduced when the plaintiff's choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint."); *Creative Compounds, LLC v. S.A.N. Nutrition Corp.*, 2012 WL 13012706, at *3 (C.D. Cal. Mar. 30, 2012) ("The policy behind not deferring to a nonresident plaintiff's choice of venue appears tied to the notion that plaintiffs should be discouraged from forum shopping.").

Given this action's lack of connection to the Central District of California, the Court should dismiss the Complaint.  But in the alternative, given this action's notable connection to the Southern District of New York, the Court should transfer the action to the Southern District of New York, "[f]or the convenience of the parties and witnesses, in the interest of justice."  *See* 28 U.S.C. § 1404.

---

[11] Plaintiff attempts to allege standing in the Complaint, *see* Compl. ¶¶ 10, 14, 19, but fails to allege any facts demonstrating that it is "a legal or beneficial owner of an exclusive right under a copyright."  *See* 17 U.S.C. § 501(b).  SMG is prepared to challenge standing in a Rule 12(c) or Rule 56 motion, whether in this District or in the Southern District of New York, and will do so at the appropriate time.

1

## VI.    CONCLUSION

2          For the foregoing reasons, SMG respectfully requests that the Court dismiss

3  Plaintiff's Complaint due to lack of personal jurisdiction and improper venue, or,

4  in the alternative, transfer this action to the Southern District of New York.

5

6  DATED: June 14, 2019                    MITCHELL SILBERBERG & KNUPP LLP

7

8                                          By:  */s/ Bradley J. Mullins*
                                               Bradley J. Mullins
9                                              Attorneys for Defendant
                                               SMG Media, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Mitchell
Silberberg &
Knupp LLP

11144513.1
28

**MOTION OF SMG MEDIA INC. TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE S**